IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KEITH ERIC SALMON,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 1:19-CR-108-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Keith Eric Salmon's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion without prejudice.

　　　　Defendant pleaded guilty to one count of Distribution of Child Pornography. Defendant was sentenced to 84 months' custody and 20 years' supervised release on September 13, 2013. Defendant began his term of supervision on July 19, 2019. Defendant filed the instant Motion for Early Termination of Supervised Release on June 27, 2025.

　　　　In his Motion, Defendant states that he has complied with all the terms of his supervised release, including completing sex offender treatment, maintaining SORNA registration, paying all fines and fees, reporting to his probation officer as required, and maintaining consistent employment. He further reports that he is working each day to build trustworthy relationships with his family, and is focused on his physical and mental health. Consultation with Defendant's supervising officer confirms that Defendant has done well while on supervision and satisfied all conditions.

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial. The Court will consider another motion for early termination of supervised release from Defendant after Defendant has completed an additional two years of supervision.

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 7) is DENIED without prejudice.

DATED this 22nd day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge